**YUN LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–2158.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 9, 2008.

Filed: April 15, 2008.

David X. Feng, The Feng & Associates, New York, NY, for Petitioner.

Richard M. Evans, Joan E. Smiley, Brooke M. Maurer, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Yun Lin, a forty-eight year old Chinese native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), in which the BIA affirmed the denial by the Immigration Judge ("IJ") of Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Before the IJ, Lin claimed that she practiced Falun Gong and that, on account of her practice, her father was detained by Public Security officials and she was dismissed from her job at a home for the elderly. The IJ denied Lin's applications because he did not find her testimony to be credible. We will deny Lin's petition for review because substantial evidence supports the IJ's adverse credibility determination. *See Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir.2004).

To establish eligibility for asylum, Lin must show a reasonable likelihood that she experienced past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(A) (referring to 8

U.S.C. § 1101(a)(42)(A)). The IJ found that Lin's testimony regarding past persecution was incredible. This determination rests on substantial evidence. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002) (in order to support an adverse credibility determination, inconsistencies in testimony must involve the "heart of the asylum claim").[1] Specifically, Lin was inconsistent in her assertions regarding when she was dismissed from her job at the home for the elderly. Lin's asylum application states that she was dismissed in July 2000; however, during her hearing before the IJ, she pinpointed the exact date of her dismissal as October 25, 1998. Lin attempts to explain the discrepancy by claiming that she was censured at work in October 1998 but her dismissal was not announced until July 2000. However, as the BIA decision noted, Lin's explanation fails to account for other inconsistencies in her testimony. For example, Lin testified that her father was detained two days after the October 25, 1998 incident; but Lin also testified that she heard about the detention from her mother because she had already moved to a different city to find new employment.

Failing to establish past persecution, an applicant may still establish eligibility for asylum by demonstrating a well-founded fear of future persecution. Lin relies only on evidence of past persecution to establish her fear of future persecution. *Id.* at 274 (applicant who demonstrates that s/he has suffered past persecution triggers a rebuttable presumption of a well-founded fear of future persecution as long as that fear is related to the past persecution). Lin's fears of future persecution, therefore, suffer from the same credibility defects as her allegations of past persecution.[2]

Similarly, because Lin did not show a likelihood of torture, her application for protection under CAT was also justifiably denied. *See* 8 C.F.R. § 208.16(c)(2).

For the above-stated reasons, we will deny the petition for review.

---

1. Although the BIA relied on the "heart of the asylum claim" test, under the REAL ID Act, credibility determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir.2007). The REAL ID Act applies to cases, like Lin's, where the applicant applied for asylum or other relief after May 11, 2005. *Id.*

2. Because Lin failed to make out an asylum claim, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir.2003).